UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 13-1679(DSD/TNL)

Arkinzie Solomon,

              Plaintiff,

v.                                                    **ORDER**

City of Chaska Police and
officers; Chief Scott Knight,
Captain John Kherberg, Brady
Juell, Tony Kjorstad, Rachel
Nelson, Tracy Perlich, Josh
Lawrenz, Kathy Hogan, Jamie
Personius and Sheriff Jim Olson,
Deputy Sheriff Blair Anderson,
in their individual and official
capacity,

              Defendants.


     Arkinzie Solomon, 3230 James Avenue North, Minneapolis,
     MN 55412, pro se.

     Nathan C. Midolo, Esq. and Iverson Reuvers, LLC, 9321
     Ensign Avenue South, Bloomington, MN 55438; Scott T.
     Anderson, Esq. and Rupp, Anderson, Squires & Waldspurger,
     527 Marquette Avenue South, Suite 1200, Minneapolis, MN
     55402, counsel for defendants.


     This matter is before the court upon the motions for summary judgment by defendants.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions.

---

[1] Defendants include the City of Chaska Police and officers, Chief Scott Knight, Captain Jon Kherberg, Brady Juell, Tony Kjorstad, Rachel Nelson, Tracy Perlich, Josh Lawrenz, Kathy Hogan, Jamie Personius, Sheriff Jim Olson, and Deputy Sheriff Blair Anderson. All defendants are sued in their individual and official capacities.

## BACKGROUND

This civil-rights dispute arises out of the arrest of plaintiff Arkinzie Solomon. On March 24, 2011, Officers Tony Kjorstad and Brady Juell were dispatched to 616 Willow Street in Chaska, Minnesota. Juell Aff. Ex. 1, at 1. The officers were responding to the sounds of a woman struggling on an open 911 line. Id. When Kjorstad and Juell arrived at the home, they heard a woman screaming. Id. They knocked on the front door and identified themselves as police officers, but no one answered the door. Id. Kjorstad looked through a window and observed a male and female move from the living room to a bedroom. Id.

Kjorstad and Juell eventually forced entry into the home. Id. After they entered, they heard a woman yell "I'm fine" several times. Id. When they searched the bedroom, they found a woman sitting on the floor, hugging her knees and crying. Id. Ex. 1, at 2. When Juell asked where the man was, she pointed to Solomon, who was attempting to hide in the bedroom closet. Id. Kjorstad placed Salmon in handcuffs. Id.

Juell then questioned the woman, who complained of pain in her mouth and on her head and neck. Id. She was not wearing clothing from the waist down, and she had a bleeding lip, black and blue marks on her eyes, and a swollen left eyelid. Id. She explained that Solomon assaulted her and threatened to kill her. Id. Ex. 1, at 3. Based on this information, and from the other observations

made at the scene, Solomon was taken into custody. Id.; Olson Aff. Ex. A. Solomon was transferred to Carver County Jail for processing on nine criminal counts, including criminal sexual conduct in the third and fifth degrees, kidnapping, false imprisonment, and assault. Juell Aff. ¶ 6. Solomon remained incarcerated during the course of his criminal proceedings, from March 2011 to on or about June 29, 2012. Olson Aff. ¶ 9.

On June 19, 2012, the woman contacted Officer Rachel Nelson and stated that most of what she reported to the police regarding the alleged assault was a lie. Nelson Aff. Ex. 13. On June 29, 2012, the state dismissed the charges against Solomon, noting that a material witness was no longer available. Midolo Aff. Ex. 1. The charges were dismissed with prejudice on August 31, 2012. Id. Ex. 2.

Solomon filed an amended pro se complaint on October 8, 2013, alleging claims for various constitutional violations under § 1983. Defendants now move for summary judgment.[2]

---

[2] A responding party must file a memorandum of law in opposition to a dispositive motion within twenty-one days after the motion is filed. D. Minn. LR 7.1(c)(2). Defendants filed their motions on August 8, 2014, and September 2, 2014. ECF Nos. 29, 31. Although Solomon attended the October 17, 2014, hearing on the motions, he did not file responses in opposition. Summary judgment is warranted on this basis alone. See D. Minn. LR 7.1(g)(6) ("If a party fails to timely file and serve a memorandum of law, the court may ... take any ... action that the court considers appropriate."); cf. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

**ANALYSIS**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II.  Section 1983 Claims**

Solomon argues that defendants violated his constitutional rights when they arrested and detained him.[3]  The court construes such claims as brought under 42 U.S.C. § 1983.  Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law.  Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005).  Section 1983 is not an independent source of rights, and a successful claim must demonstrate a deprivation of a specific right, privilege, or immunity.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  Accordingly, a court considering a § 1983 claim must first "identify the specific constitutional right allegedly infringed."  Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)).  Here, the court construes the complaint as alleging unlawful arrest and detention in violation of Solomon's Fourth Amendment rights.[4]

---

[3] At oral argument, Solomon made new factual allegations regarding his arrest and confinement.  The court does not consider these allegations, however, as they were not presented in Solomon's amended complaint or at any time before the hearing.

[4] In his amended complaint, Solomon alleges that defendants broadly violated his rights under the "1st, 4th, 5th, 6th, 8th, & 14th Amendments" and his "rights under due process."  Am. Compl. ¶¶ 4, 7.  The court, however, finds that the facts underlying this action only implicate a Fourth Amendment claim.

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008). Probable cause exists when "the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." United States v. Jones, 535 F.3d 886, 890 (8th Cir. 2008) (citation and internal quotation marks omitted). Moreover, officers are entitled to qualified immunity if "arguable probable cause" exists for the arrest. Galarnyk v. Fraser, 687 F.3d 1070, 1074 (8th Cir. 2012) (citation and internal quotation marks omitted).

Solomon fails to present any evidence showing that probable cause, let alone arguable probable cause, was lacking for his arrest. The record shows that it was objectively reasonable for Juell and Kjorstad to believe Solomon had engaged in criminal activity. As noted in Juell's police report, the officers were responding to the sounds of a female struggling on an open 911 line. The officers heard a female screaming when they first approached the home, and they witnessed a male and female retreat to a bedroom. After entering the home, the woman, who had clearly been injured, identified Solomon as the man who assaulted her. She later provided a detailed description of the assault. As a result, the court finds that there can be no genuine dispute as to whether probable cause existed for the arrest. Moreover, because Juell and

6

Kjorstad acted with probable cause, Solomon's false imprisonment claim necessarily fails as well. See Anderson v. Franklin Cnty., 192 F.3d 1125, 1132 (8th Cir. 1999) (denying false imprisonment claim where officers had probable cause to arrest the plaintiff). As a result, summary judgment is warranted on Solomon's constitutional claims.

### III. Municipal Liability

The court interprets Solomon's claims against defendants in their official capacities as claims against Carver County and the City of Chaska. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). "[A] municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional ... policy or custom." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The municipality, however, may not be held liable for its officers' actions unless the officers are "found liable on the underlying substantive claim." Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). As explained, summary

judgment is warranted on Solomon's constitutional claims against defendants.  As a result, summary judgment in favor of Carver County and the City of Chaska is warranted as well.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motions for summary judgment [ECF Nos. 29, 31] are granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 26, 2014

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court